The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Good morning everyone. We are happy to hear argument in number 181761 Alvarado v. Barr. Counsel, if you would identify yourself before you start speaking, that would be helpful to us. Thank you. Thank you, Your Honor. This is Brianna Carlson, and may it please the Court. My colleague Benjamin Osorio and I represent Marta Alvarado Alvarado and Allison Revis Alvarado, the petitioners. There are currently three questions before this Court. First, whether the immigration judge and board impermissibly placed the burden on the petitioners to demonstrate no fundamental change in circumstances had occurred. Second, whether the Department of Homeland Security met its burden to rebut the presumption of future persecution. And third, whether the petitioners due process rights were violated when the immigration judge failed to give reasoned consideration to their documentary evidence. To the first question, as to whether the immigration judge impermissibly placed the burden on the petitioners to demonstrate no fundamental change in circumstances had occurred, this is a question of law and is therefore reviewed de novo. Additionally, this is a threshold question. If the Court does agree that the burden was impermissibly placed on the petitioner, then a remand is necessary. Where an applicant for asylum demonstrates past persecution and is found to have been persecuted in the past, they are entitled to a presumption of future persecution. The burden then shifts to the Department of Homeland Security to rebut that presumption by a preponderance of the evidence. Excuse me, can I just interrupt you at the outset? Because does your argument on this point depend upon whether we find that the burden of proof has been switched? Or is that one of your arguments along this point? And your second point is even if the IJ didn't switch the burden of proof, it erred in its analysis. In other words, is burden of proof necessary to this argument? The switch of the burden of proof? So the burden of proof, if it was on the petitioner, then we don't have to get to the second question of whether or not the Department met its burden. If it was impermissibly placed on the petitioner in the first instance. I understand. Go ahead. But yes, to the second point, the second point is exactly as you stated, that the department did not meet its burden. And so the department can meet its burden by a preponderance of the evidence if they are able to demonstrate that the applicant for asylum can safely relocate in its country of origin or a fundamental change in circumstances has occurred. Here, the immigration judge impermissibly placed the burden to demonstrate that a fundamental change in circumstances had not occurred on the petitioner. We know this because in his oral decision, the immigration judge made factual findings that Ms. Alvarado did not know whether her family continued to be threatened or extorted by the 18th Street Gang. Later in his decision, he specifically states, the respondent has failed to carry her burden in establishing that she will continue to face persecution if she returns to El Salvador. He goes on to note in the discussion of the facts, it appears to the court that there is no indication that the family continues to pay extortion money. There is no indication that the family continues to suffer threats at the hands of the 18th Street Gang or any other gang. We can see from his coloring of these facts, there is no indication that the immigration judge is expecting the petitioner to demonstrate that the threats and the extortion are ongoing, rather than the Department of Homeland Security to demonstrate that something has changed, that the threats have stopped, that there is no longer a risk to the petitioner's life or safety. He goes on to explain, again, stating that she failed to carry her burden, that principally because the group that she belongs, the particular social group family members of Maria Alvarado Rosa, are no longer being persecuted, at least so far as the evidence of this case has indicated. Again, he's placing the burden on the petitioner to demonstrate that her family is continuing to be extorted and threatened by the 18th Street Gang, rather than the burden on the Department of Homeland Security to demonstrate that those threats are no longer continuing. When the judge is viewing the facts from the position that the threats are going on, when a respondent is entitled to the presumption, the immigration judge must view the facts from the view that the persecution is continuing. Here, the expectation that Ms. Alvarado demonstrates that it is continuing is entirely contrary to that presumption. Instead, the Department of Homeland Security was required to demonstrate that some type of fundamental change had occurred, that 18th Street Gang was no longer in the area, that somehow her family was no longer being extorted or threatened. This brings me to the second question, which is whether the Department of Homeland Security met its burden to rebut the presumption of future persecution. This is a question applying facts to law, and is therefore reviewed de novo under recent Supreme Court precedent in Guerrero-Las Rias v. Barr. As previously stated, the immigration judge found Ms. Alvarado had no knowledge of whether the 18th Street Gang continues to threaten and extort Ms. Alvarado's family in El Salvador, which makes it unclear whether Ms. Alvarado would continue to be persecuted. Under Ortez-Cruz and Dong-V sessions, it's clear that where an immigration judge finds that the record is unclear as to the evidence of whether the threats continue, the Department must show that their view of the evidence is the most reasonable view, and the immigration judge must give a reasoned explanation as to why the government's view is the more convincing, and plausible inference pointing in that direction is the most convincing view. Here, we have no interest in disturbing the immigration judge's factual findings. The immigration judge correctly concluded that it was unclear, based on the evidence, whether the family was still being threatened and extorted. Instead, the immigration, regardless of that finding, went on to find that a fundamental change in circumstances had occurred, without giving a reasoned explanation. In Ortez-Cruz, this court stated, It will sometimes be difficult for the government to prove that an individual in another country no longer poses a threat, but that is consistent with the presumption. It puts the thumb on the scale for applicants who show past harm. Here, the immigration judge, in considering the evidence, must assume that the persecution is continuing, and then consider the evidence from that point of view. There is no evidence in the record that should have overcome that presumption. Much like in Ortez-Cruz, there was a lack of evidence of persecution one way or another. Well, that's not exactly right. The record here shows that the applicant both said that she testified several times that she had been in contact with her family, but she hadn't heard them say that there was continuing threat. And then she also said, of course, that she might not have heard because they wanted to spare her. That isn't the situation that we had in Ortez-Cruz, is it? No, Your Honor, but it is similar to the situation in Dong V. Sessions. In Dong V. Sessions, the petitioner had been in constant contact with his family, and the last time they had informed him that the police were searching for him was in 2009. His individual hearing took place two years later in 2011. And while he was in constant contact with his family, they never mentioned one way or the other whether the police were still looking for him. And in that case, this court found that that was not enough to rebut the presumption. Similarly, here, in addition to the unclear evidence as to whether or not the persecution was continuing against the family, we have expert witness testimony that says that it's likely that the persecution would be continuing. When asked under what circumstances the expert witness could imagine a gang that was extorting a family would stop extorting a family, the expert witness was only able to give two examples. He imagined that a gang member would have to plead the family's case to the gang to get the gang to stop extorting the family, or the family would have to relocate to a gated community, a wealthy area, where the gang wouldn't have access to them. We know from record evidence that Ms. Alvarado's mother still lives in the same home, and there is nothing in the record that indicates that they became friends with a gang member and that gang member would have pleaded their case. So there is affirmative evidence, according to the expert, that it's likely that the gang would continue persecuting the family. This is similar to Ortez Cruz in that case, the expert witness noted that while it had been 15 years since the persecutor had contacted the petitioner, it was likely given the nature of domestic violence cases that he would, once aware that she had returned to her country, would pursue her. And so, again, this is not enough evidence to rebut the presumption. Additionally, the court's indulgence. So where we have no record evidence that is clear as to whether or not the family is continuing to be extorted and continuing to be threatened, and we have affirmative evidence on the record from expert witnesses that state that it's likely that once the gang has started extorting a family, they will continue to extort a family. Additionally, we have significant documentary evidence that shows there's been no fundamental change in the country. The gangs are no longer, have not been excluded from the country. The police are not suddenly protecting people from gangs. There's no documentary evidence suggesting that there's any type of change in circumstances. The department simply cannot meet its burden. Ms. Carlson, this is Judge Keenan. Do you agree that a finding as to fundamental change of circumstance is a finding of fact rather than a legal conclusion? Your Honor. Doesn't Ortiz-Cruz pretty much say that? Your Honor, Ortiz-Cruz pre-dates the recent Supreme Court decision in Guerrero, Las Breas, v. Barr. And in that, it reviews this idea of questions applying facts to law. And there, the Supreme Court held, which was contrary to many circuit court decisions, that when you're applying the law to facts, it's actually a question of law instead of a question of fact. And therefore, it's deserving of de novo review. Does that make any difference in terms of the shifting of the burden? Does the interplay of the Supreme Court case with Ortiz-Cruz have any practical consequence when you are attacking the fact that the IJ shifted the burden to the petitioner? So, Your Honor, that… Does that help your case or not? Yes, it does help our case. I think it absolutely helps our case. I think if you consider the fact that Ortiz-Cruz was reviewed under a much more deferential standard and still, given the evidence in that case, the court found that remand was necessary and that the department did not meet its burden. When you're looking under de novo review, which gives this court much more latitude to review the evidence in the case and the factual findings and apply the law to those factual findings, then yes, it's highly in favor of finding that the department did not meet its burden. So, given that it's de novo review and in Ortiz-Cruz it was substantial evidence, this court is well-positioned to be able to find that the department did not meet its burden and to remand this case with instructions to grant asylum. Given that the department did not meet its burden, there has been no fundamental change in circumstances, and Ms. Alvarado is entitled to asylum. This brings us to the last issue before this court, which is whether the petitioner's right to due process was violated when the immigration judge failed to give reasoned consideration to her documentary evidence. This is a question of law and also review de novo. Ms. Alvarado must not only demonstrate that her due process rights were violated, but also that she was prejudiced as a result of that violation. Here, the immigration judge did not have what was titled Exhibit 4, which is the petitioner's evidence in support of her application. It's several hundred pages of exhibits that he did not have the opportunity to review until about halfway through the hearing. At that point, he did not pause the hearing to take time to review that evidence. Instead, he continued on with the hearing and then gave his decision immediately following testimony the same day. While the immigration judge is not required to address every piece of evidence in the record in his decision, he is required to announce his decision in terms sufficient to enable a reviewing court to proceed if they have heard and thought and not merely reacted. The immigration judge is not free to simply pass over evidence without ever reviewing it. That's under IEHWA Chen v. Holder. It's a decision out of this court. Additionally, a wholesale failure by the immigration judge and the BIA to consider evidence of country conditions constitutes reversible error under Rodriguez-Arias v. Whitaker. The board incorrectly found that the immigration judge's actions to efficiently conduct court proceedings and timely decide the respondent's case were reasonable and did not violate the respondent's due process and that no prejudice had occurred as a result of the immigration judge's failure to review the evidence. Your Honor, I see that my time has concluded. Thank you. If I may briefly conclude. Sure. And so my colleague will address the prejudice that Ms. Alvarado faced as a result of the immigration judge's failure to review her evidence. Thank you. No. Yes, ma'am. Your Honor, may I proceed? Yes. We're waiting. Good morning. Good morning. May it please the court. Beats LaFleur on behalf of the respondent. Petitioner's own testimony in this particular case was both conclusive and unambiguous under Ortez that the threat stopped, thereby showing a change in country conditions and rebutting the presumption of a well-founded fear of persecution. The court looks at page 191 of the record. The petitioner stated, quote, she hasn't received any more letters asking her for money. Close quote. This factual testimony is conclusive and unambiguous. It complies with Ortez's holding and thereby rebuts the presumption of the well-founded fear of persecution. If the court looks at the entire body of the transcript of the merits hearing and the IJ's decision and the board's decision, it's clear, conclusive and unambiguous that the burden of proof began with petitioner shifted to the government. And then at the very end of the hearing, the IJ gave the petitioner and his counsel, excuse me, and her counsel an opportunity to establish independently a well-founded fear of persecution. On page 136 and 138 of the record, the IJ clearly states it is your burden of proof to demonstrate that the harm constituted past persecution. The attorney acknowledged yes to this. The petitioner had the same attorney throughout the entire pendency of proceedings. At page 162, direct examination is done. At page 189, the judge says it's important to the petitioner's case to be able to see definitively whether she continued to receive threats or was harmed. At that point, the judge does acknowledge on page 190 of the record that at this point, I simply don't know. So let's go and ask her specifically. And on page 190, the petitioner says, is that your is the question is positive. Is that your testimony that there's no further threats? She answers yes. On 191, the very last thing to the bottom of the record is where she says, quote, she hasn't received any more letters asking for money. This is the this is the conclusive testimony that the agency relied on to permissibly rebut, establish a rebuttal to the presumption of a well-founded fear of persecution. Mr. LaPorte, didn't the petitioner also say that her family wouldn't have told her about any threats because they wouldn't want her to have worried? And don't we have to take that into consideration in determining whether the future threat evidence was unambiguous? Oh, yes, Your Honor. But that occurred before this testimony was a direct question. It was conclusive at that point at one. We consider the whole record, don't we? Yes, Your Honor, you do. And in doing so, it is clear to keep in mind that the IG rendered an oral decision. The board comes in and refines it, sort of cleans it up, if you will. We didn't hear any citations to the board's merits decision regarding the rebuttal testimony from opposing counsel here at one ninety three, Your Honor. All parties go off the record when they come back. The IG says the respondent seeks any one of several possible alternatives to present an affidavit from the mother or a letter to seek a plausible alternative explanation. This seems to be a tacit acknowledgment from all parties that the government at this point in the hearing have satisfied its rebuttal burden. Yeah, but Mr. LaPorte, what about the record at one ninety two where the petitioner says her mother hasn't told her anything? Maybe not to worry me, but she hasn't told me. So this wasn't just an isolated comment on her part. She's carrying through with that position as as late as page one ninety two in the record. That's correct, Your Honor. The question is whether or not that usurps her conclusive testimony on at the bottom of one ninety one that she hasn't received. She doesn't qualify to the page later by saying she hasn't told me anything. Maybe not to worry me. Doesn't that render it inconclusive? The prior testimony page earlier? It doesn't, because right before closing, the IG gives expresses his concerns and gives a warning and says, even though the plaintiff, the petitioner suffered past prosecution, probably facing a she probably faces a change of country conditions because she's no longer facing any threats. And at that point, the in closing, the petitioner's counsel says, even if we see that the past prosecution was rebutted by changing country conditions, then we would still argue an independent establishment of a well-funded fear. The government at one page two thirty two, the government puts forth no rebuttal evidence. That was petitioner's counsel's closing. So looking at the entirety of the record, Your Honor, you will see that there was a permissible burden, a shift in the burden of proof. Once past prosecution was established to the government to rebut. And at that point, there's an acknowledgement. Even there was a concern expressed by the IG prior to closing and an acknowledgement by opposing counsel that there was there's a strong possibility that there's a rebuttal. But we're going to take on the federal regulations. We're going to make an attempt to establish an independent, well-founded fear. That's not an impermissible burden shift. In fact, if we take a look at. In the body of the testimony, at least four times, the petitioner says that she speaks to her mother every day and her mother has not said anything about a threat. And one fifty one, she says she hasn't said anything about any threats on page one eighty one. She says, I don't know of any threats on page one ninety. She says there are no further threats. And on one ninety one, she says she hasn't received any letters. Based on that, the IG and its decision says on page ninety five that I find past persecution on page ninety six. I just shifts the burden to the government because the petitioner suffered past persecution. She benefits from the presumption and now the presumption can be rebutted by the government on page. Mr. Laporte, this is Judge Keenan again. Let me ask you another question, because we have the IG specific finding here that Alvarado was credible and the IG didn't qualify that in any respect. So don't we have to then accept the fact that she was credible, including her statement that her family may not have told her this to protect her and not to worry. Right. But in doing so, we also have to take as credible her definitive and conclusive and unambiguous statement that she hasn't. When she says my mother hasn't received any more letters asking her for money, that it does. Well, but there is that we if we accept both of this credible, we we don't have a definitive response on this. And if you go look at what are what we said in Ortez Cruz, then then we would have to go with her. There is no conclusive. I mean, you keep saying that you keep calling whatever you want to call conclusive, but you just acknowledge there's also other testimony. From her. I found credible. Sorry. Your Honor, on the first point of Ortez Cruz, the facts of Ortez Cruz Cruz or distinguishable from our case or the government's rebuttal was based on an inference. That is not the case here. Here it's based on actual testimony that's different than Ortez Cruz. You're correct. Ortez Cruz is the presidential pathway to decide. Did you did you listen to the my questions with your colleague? Yes. That part of the argument. And I think you recognize that that's the point I made with her. This isn't identical to Ortez Cruz, but Ortez Cruz is now circuit law. And we are guided not only by the actual facts of Ortez Cruz, but what the holding was and what the principles are there, aren't we? Yes, Your Honor. OK, I think in this particular case, as you said, we have to look at the entire body of the merits hearing and we can't just take an isolated portion. We can't ignore the attorney's concluding argument that acknowledges that there's there's there's a possibility that the government rebutted the change country, rebutted the presumption by establishing change country conditions here. Counsel, this is Judge Agee. If we assume you're correct up to this point, how do you account for the impact of the expert witnesses testimony? The expert witness is doesn't impact the disposition of the case at all. The I.J. correctly states that the expert won't know if there's current extortion. So it doesn't really matter what the expert says here. The key issue is whether or not there was continued extortion after the petitioner left El Salvador. So the expert didn't opine on that. The I.J. was correct by noting that and there was no pushback or rebuttal by either the government or petitioner's counsel in that regard. So to answer your question, Judge, that the expert doesn't doesn't doesn't carry any weight regarding how the case is decided. Looking looking at the board's decision, the board came in and clarified refined, cleaned up, if you will, the I.J.'s decision by correctly citing the regulation and the salient courts of a transcript at one one eighty one eighty one one ninety and one ninety one. The I.J. was correct by noting that the well-founded presumption was rebutted. The burden shifted over to the government and the government successfully rebutted by establishing changed country conditions. Now, shifting over for a second, I want to clarify a point to the court that regarding Guerrero, Guerrero has no effect on this case at all. Guerrero was not a ruling about the standard of review. That's at page one thousand sixty nine of the Supreme Court's decision. Guerrero only dealt with the meaning of the question of law as it's used in eight U.S.C. twelve fifty two. Our case has nothing to do with twelve fifty two. The court is, as your honor has pointed out, is is bound by our test clues. And that's a substantial evidence burden of proof here. De novo is not the correct burden. Guerrero had no effect on the courts, on the court applying a substantial evidence standard to the board's ruling on whether or not the government successfully established its rebuttal burden of proof. Having said that, going back to the transcript, looking at the entirety of the transcript, one piece of regulation that was in play was H.C. seven federal appendix three eighty nine at page three ninety. But once the rebuttal burden is established, the petitioner did the burden didn't shift back to the petitioner to independently show a well founded fear. I think this is important because, as we said after the judge at one eighty nine says it's inconclusive. We need to find out if definitively if there were ongoing threats. He asked the question. It was answered. We moved down when the parties go off the record at one ninety three and come back on. At that point, the comment by the I.G. indicates that either there was an acknowledgment that not only did the burden of proof shift to the government, but that the government successfully established rebuttal. And now it is up. It's the I.G. is giving the petitioner an opportunity, one last opportunity to either independently establish a well founded fear or the rebuttal by offering a positive alternative. But at one ninety seven, the I.G. acknowledges that the expert is not going to know is basically useless because he's not going to know if there's current extortion. So I think it's important to consider it in its entirety, not only the transcript of the I.G.'s oral decision and the board's refined decision, citing the correct piece of the regulation at H.C. and citing the most salient pieces of the transcript that's in accordance, according to what Ortez. It's a conclusive and unambiguous piece of testimony. So looking at it in its entirety, again, given the giving opposing counsel's concluding testimonies, closing arguments in that particular case, not only establishes a permissible burden of proof shift to the government and then again back to the petitioner to independently establish it. But not only but it also acknowledges that there is a possibility that the government established its burden of establishing the rebuttal to petitioners primary presumption. Your Honor, if if the court has no other questions, I would like to briefly conclude. Thank you. That's fine. As the government mentioned, Ortez Cruz is the president of the presidential pathway to deciding this case and it's holding. Government's position is that the petitioner's own testimony on page 191 of the record, along with page 151, 181 and 190. Particularly where petitioner says she has not received counsel. I thought that this was counsel. I thought you were concluding instead of repeating your entire argument. Yes, Your Honor. This testimony is the government's position that on our test is inclusive and unambiguous. It shows a change of country conditions, thereby rebutting the well-founded fear presumption in this particular case. Thank you. Thank you. We have some rebuttal. This is a. Yes, Your Honor. Thank you, Your Honor. Yes, if it may please the court. Venezuela also with Miss Carlson for the petitioners. First off, I just want to say that I don't think the court can ignore the first issue, the burden shifting. And that's still a threshold issue that we believe on its own would merit remand. Can we pause for a second? Mr. before to drop off the line and I need to get him back on the line. Yes, ma'am. OK, thank you. Sorry about that. OK, we're good to go. Thank you. So we would say that even if the court does not adopted the Novo standard, that even under substantial evidence standard, Miss Alvaredo would succeed. However, it's a little perplexing. Respondent concedes that eight USC 1252 is the governing statute for career less Maria. But that's also the governing statute that gives this court jurisdiction to over removal orders. So our argument is that it would be applicable in this case. Also, my closing statements during trial aren't evidence. And I'm not the finder of fact. The immigration judges and counsel permitted to argue in the alternative. So I don't think that my statement can be used as evidence in this case. Respondent seems to want to make a bunch of inferences that aren't actually in the record. The IJ is required to make explicit findings of fact. And that hasn't occurred here. And so we can all sit guessing while the IJ might have thought this or he might have met this. But he's required to actually say it in his decision, given that he is the finder of fact. And because he is the finder of fact, we have to defer to his findings that that Miss Alvarado does not know. And that lack of evidence in no way, shape or form can meet the department's burden to rebut the presumption of a well-founded fear. Otherwise, we're trivializing the meaning of fundamental. I know that Respondent wants to cherry pick statements here and there. But I think that the court can clearly see that she always couched it as in she didn't know. And that was the IJ's ultimate conclusion in his findings of fact, that she was unaware. So given that, there's no way that the IJ's factual findings can then support his legal conclusions. I also, I mean, I don't think that the expert can be ignored either. This sort of also goes to the due process argument. Not only do we have the expert statement at trial that he can't imagine a scenario where they're not paying extortion and not being harmed. But then you have to look at his declaration that was included and admitted as his testimony as well, that was never reviewed by the immigration judge. So on one hand, they want to say, okay, let's ignore the expert because he doesn't know. But then we should pay attention to Miss Alvarado because she also doesn't know. I don't understand how that can possibly make sense. To, to, to resolving this case. And in light of Ortiz-Cruz and even the higher standard in that case, I think that the court clearly has defined for us. With regards to the due process argument that Miss Carlson began to start it before the conclusion of her time. This court has repeatedly through Rodriguez-Arias, Cabrera-Vasquez, Alvarez-Lago say that we have to pay attention to the record evidence. And so if the critical issue in this case is whether or not that presumption has been rebutted, is into whether or not those threats are continuing, as into whether or not country conditions would have so drastically changed that the gang would have been eradicated from this area, that homicide rates would be significantly lower, that there would be actually a fundamental change. That, that record evidence cannot be ignored. You know, again, I think that the expert declaration would go to show prejudice. And I also believe that Miss Alvarado's sister's letter, and that's at the administrative record at page 259, I understand that she is also present in the United States. But she also says at the conclusion of her letter that she never received a solution or problem from them and by them referring to the gang. So that, to me, indicates an ongoing problem. And it's clear from, from review of the records that the IJ never reviewed that evidence, never considered that evidence, and it may have pushed him one way or the other. So the exclusion is definitely prejudicial. And it's ridiculous for the board to sit back and say, oh, in the interest of efficiency, you know, he had to conclude the proceedings that day instead of taking the time to go back to chambers and issue a written decision, you know, 30 days, 60 days later and taking all of that evidence into consideration. So I think that there has been a demonstration of a clear violation of due process in this case. Just briefly on some of the other issues. This court has been clear that a lack of evidence from Ms. Alvarado is insufficient for the government to demonstrate a change in circumstances. And so given that, and given the affirmative evidence that was put forward by the expert witness and the country conditions and the documentary evidence, we think that the court clearly has to fine for Ms. Alvarado. And unless the court has any other questions, I'll conclude my remarks there. Thank you very much. We appreciate your arguments of counsel. And I ask the clerk to adjourn court for today. Thank you. This honorable court stands adjourned until tomorrow.
judges: Diana Gribbon Motz, G. Steven Agee, Barbara Milano Keenan